IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ANTHONY WOLFE, | : | Civil No. 3:21-cv-1946 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff James Anthony Wolfe ("Wolfe"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). Wolfe seeks to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons that follow, the Court will grant the motion to proceed *in forma pauperis* and dismiss the complaint with leave to amend.

I. **Standards of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Wolfe proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. Discussion

### A. Wolfe's Complaint

Wolfe filed this § 1983 action against the Pennsylvania Department of Corrections, the Pennsylvania Board of Parole, the Pennsylvania Attorney General, the Institution Medical/ Mental Health Contract Provider, Counselor Christopher Banks, Psychologist

4

Jessica Cousins, Unit Manager Barbara Hollibaugh, Psychologist C. Price, and the Pennsylvania Corrections Officer Union and Officers. (Doc. 1). The complaint does not set forth any allegations against the Defendants.

Wolfe fails to provide any specific factual allegations to support any claims against the Defendants. Under the most liberal construction, Wolfe's complaint fails to state a claim for relief. It neither sets forth the time of the alleged violations to his rights nor does it provide any specific factual averments explaining how his constitutional rights were violated. It also does not identify the particular conduct that harmed him. This form of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. *See Hudson v. City of McKeesport*, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

Based upon the above legal standards, it is clear that any claims against the Defendants are subject to dismissal based on Wolfe's failure to set forth any factual allegations against them in the complaint. Without such factual allegations, it is impossible to conclude that the Defendants deprived Wolfe of any constitutional rights. As such, the present complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as Wolfe fails to state a claim upon which relief may be granted.

B.   **Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. *See*

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, Wolfe will be permitted leave to amend his complaint. Wolfe is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. It should sufficiently allege personal involvement of each Defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

### III. Conclusion

Wolfe's motion (Doc. 2) to proceed *in forma pauperis* will be granted. The complaint (Doc. 1) will be dismissed for failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Wolfe will be granted fourteen (14) days to file an amended complaint. Failure to file an amended complaint within the time prescribed above will result in dismissal of this action.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: November 24, 2021