IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ANTHONY WOLFE, | : | Civil No. 3:21-cv-1946 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff James Anthony Wolfe ("Wolfe"), an inmate confined at the State Correctional Institution, Huntingdon, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983. (Doc. 1). On November 24, 2021, the Court granted Wolfe's *in forma pauperis* application and dismissed his complaint pursuant to its screening authority under 28 U.S.C. §§ 1915(e) and 1915A. (Docs. 5, 6). The Court provided Wolfe the opportunity to submit an amended complaint. (*Id.*). Wolfe filed his proposed amended complaint on or about December 7, 2021. (Doc. 7). For the reasons set forth below, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Standards of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Wolfe proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Wolfe filed this § 1983 action against the Pennsylvania Department of Corrections, the Pennsylvania Board of Parole, the Pennsylvania Attorney General, the Institution Medical/ Mental Health Contract Provider, Counselor Christopher Banks, Psychologist Jessica Cousins, Unit Manager Barbara Hollibaugh, Psychologist C. Price, and the Pennsylvania Corrections Officer Union and Officers. (Doc. 1). The amended complaint alleges as follows:

> I wish to file an FTCA claim for emotional and mental injury. 28 U.S.C.A. § 1346(b)(2). Under 28 U.S.C. § 2401(a) I claim I was legal[l]y disabled and

> "beyond the seas" when this claim occurred. Claim time period is from May 02, 2001 up until the present date of this filing date under legal disability could include severe mental illness and that the disability will not cease. See 28 U.S.C. § 2401(a). I request a non-jury trial under 28 U.S.C. § 2402. "Pendant parties" include The Pennsylvania Dep't of Corrections, Pennsylvania Board of Probation and Parole and their independent contract providers and Pennsylvania Attorney General. 28 U.S.C. § 1367. See *Michels v. U.S.*, 815 F.Supp. 1244, 1260-64 (S.D. Iowa 1993) and *Tookes v. U.S.*, 811 F.Supp.2d 322, 333-35 (D.D.C. 2011). For an example see *Hollman v. U.S.*, 783 F.Supp. 221 (M.D. Pa. 1992).

(Doc. 7, p. 1). Wolfe was sentenced in the Court of Common Pleas of Blair County, Pennsylvania and is an inmate in the custody of the Pennsylvania Department of Corrections. (*Id.* at p. 2). For relief, Wolfe seeks "[a]ll and any relief deemed appropriate by the court including release from detention." (*Id.*).

Section 1997e(e) of Title 42 provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). More than a *de minimis* physical injury must be alleged as a predicate to allegations of mental or emotional injury. See *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). In the amended complaint, Wolfe lists his injuries as "mental emotional brain injury and physical." (Doc. 7, p. 2). It is quite clear that Wolfe has failed to allege that he suffered more than a *de minimis* physical injury, as required for a predicate to emotional injury. See *Mitchell*, 318

F.3d at 534-36. Based upon the above legal standards, the amended complaint will be dismissed as Wolfe has failed to state a claim upon which relief may be granted.[1]

### III. Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The Court concludes that granting Wolfe further leave to amend would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where an inmate plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile.").

---

[1] Although Wolfe states that he "wish[es] to file an FTCA claim," (*see* Doc. 7, p. 1), Wolfe is a state inmate in the custody of the Pennsylvania Department of Corrections. The Federal Tort Claims Act ("FTCA") grants jurisdiction to the federal courts to hear suits against the United States government for torts committed by its employees while in the scope of their employment. *See* 28 U.S.C. § 2675(a). Thus, under the FTCA, federal inmates may sue the United States for injuries sustained while incarcerated. *See* 28 U.S.C. § 2674. Wolfe may not proceed under the FTCA as he is not a federal inmate and he has not named the United States as a defendant in this action.

## IV. Conclusion

For the reasons set forth above, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: December 8, 2021